NO. 07-02-0431-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 23, 2003

_____

VIC VECCHIO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;

NO. 99-467389; HONORABLE DRUE FARMER, JUDGE

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

OPINION

In this appeal, appellant Vic Vecchio challenges his probation revocation. On

March 30, 2001, upon his guilty plea, he was found guilty of assault and sentenced to

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

serve 365 days in the Lubbock County Jail, probated for a period of 24 months. On September 20, 2002, the probation was revoked and he was ordered to serve the 365-day sentence in the Lubbock County Jail. In his sole issue, appellant contends that the trial court reversibly erred in denying his motion to dismiss because of the State's alleged lack of due diligence in apprehending him after its revocation motion was filed. Disagreeing, we affirm the judgment of the trial court.

In his appeal, appellant does not challenge the sufficiency of the evidence produced at the revocation hearing to sustain the court's revocation. As we have indicated, he limits his appeal to the due diligence question. Appellant's 24-month probationary period would have expired on March 30, 2003. The application to revoke his probation was filed on February 1, 2002, and a capias issued, he was arrested on July 23, 2002 and, as we have noted, his probation was revoked on September 20, 2002. All of those dates occurred within the 24-month probation period.

In supporting his proposition, appellant argues that the delay between the February 1, 2002 date the capias was issued, and his July 23, 2002 arrest, shows a lack of due diligence on the part of the State sufficient to entitle him to a dismissal of the revocation petition. As indications of a lack of due diligence, he points out that appellant had notified the probation department that he had two addresses, one of which was where he resided with his wife, and the other was his mother's address where he went when he argued with his wife, which apparently occurred with some regularity. He also emphasizes that the

department knew he had worked for the same employer for 11 years and had the name and telephone number of his employer. During the period of time between February 1, 2002, and July 23, 2002, he asserts the only attempt to apprehend him was made by sending one letter.

In advancing his cause, appellant relies primarily upon the court's decision in *Peacock v. State*, 77 S.W.3d 285 (Tex. Crim. App. 2002). In that case, also an appeal from the revocation of probation, the revocation petition and the capias were issued within the probationary period, but the probationer was not arrested until three months after the probationary period had elapsed. The court opined that a trial court can hear a motion to revoke community supervision (probation) even after the period of that supervision has expired. *Id.* at 287. However, in order for the jurisdiction of the trial court to extend beyond the expiration of the supervision period, it required two things to have occurred: 1) a motion to revoke must have been filed and a capias or arrest warrant issued prior to the expiration of the supervision period, and 2) due diligence to apprehend the probationer and to hear and determine the allegations in the motion must be shown. *Id.* The reason for allowing jurisdiction to continue beyond the termination of the probationary period, the court explained, was "to prevent probation term violators from benefitting from absconding." *Id.* at 288. Because of that extension of jurisdiction, which was equitable and not statutory in nature, the court noted that equity also required the State to show it had exercised due diligence but had been unable to locate the probationer within the probation period. *Id.* at 289. That is not the situation before us.

In relevant part, Texas Code of Criminal Procedure article 42.12 §21(b) provides:

> *At any time during the period of community supervision* the judge may issue a warrant for violation of any of the conditions of the community supervision and cause the defendant to be arrested. Any supervision officer, police officer or other officer with power of arrest may arrest such defendant with or without a warrant upon the order of the judge to be noted on the docket of the court. A defendant so arrested may be detained in the county jail or other appropriate place of confinement until he can be taken before the judge. Such officer shall forthwith report such arrest and detention to such judge. If the defendant has not been released on bail, on motion by the defendant the judge shall cause the defendant to be brought before the judge for a hearing within 20 days of filing of said motion, and after a hearing without a jury, may either continue, extend, modify, or revoke the community supervision. . . . [emphasis added].

Tex. Code Crim. Proc. Ann. art. 42.12 §21(b) (Vernon Supp. 2003).

In this case, because the arrest was made within the period of time within which the trial court had express statutory jurisdiction, the reason for the imposition of an equitable due diligence requirement did not, and does not, exist. The judgment of the trial court is affirmed.

John T. Boyd
Senior Justice

Do not publish.

4